UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIC DAVIS and JAHIR BURKE,                           Case No. 16 CV 385
                      Plaintiffs,

    -against-                                                **COMPLAINT**

                                                                    JURY DEMAND

THE CITY OF NEW YORK, P.O. TEROME
PARHAM [SHIELD # 14559], SERGEANT
JOHN BOYCE [TAX REG. # 943015], and
JOHN DOE AND JANE DOE #1-5 (the
names John and Jane Doe being fictitious,
as the true names are presently unknown),
                            Defendants.
----------------------------------------------------------------X

Plaintiffs, ERIC DAVIS and JAHIR BURKE, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Terome Parham [Shield # 14559], Sergeant John Boyce [Tax Reg. # 943015] and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully alleges as follows:

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5. At all relevant times, defendants P.O. Terome Parham [Shield # 14559], Sergeant John Boyce [Tax Reg. # 943015] and John Doe and Jane Doe #1-5 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiffs are suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about May 17, 2015, at approximately 11:00 a.m., defendant officers, acting in concert, arrested plaintiffs without cause on Jamaica Avenue, at or close to its intersection with 163rd Street, Queens, New York, and charged each plaintiff with PL 165.30(2) 'Fraudulent accosting' and PL 225.05 'Promoting gambling in the second degree'.

10. Plaintiffs, however, did not accost and/or intend to defraud any individual of money or other property, did not advance or profit from any unlawful gambling activity, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to the arrest, plaintiffs were separately shopping for their daughters when they were suddenly accosted and arrested by defendant officers.

12. Upon accosting Mr. Davis, defendant officers forcibly grabbed him.

13. After grabbing Mr. Davis, defendant officers forcibly pulled his arms behind his back and twisted his arms in the process causing him to experience pain and numbness in his arms.

14. Defendant officers stated that they were fully aware that Mr. Davis did not commit any crimes.

15. Defendant officers further stated that they arrested Mr. Davis because he allegedly had information concerning certain other individuals.

16. Defendant officers indicated that they would release Mr. Davis from his unlawful detention once he provided them with information concerning those other individuals.

17. Upon accosting Mr. Burke, defendant officers forcibly grabbed him by his arms, twisted and bent his arms and forcibly pulled his arms behind his back causing him to experience pain and numbness in his arms.

18. Mr. Burke's arms and wrists remained sore and swollen several days after the arrest.

19. Eventually, defendant officers tightly handcuffed the plaintiffs with their hands placed behind their backs.

20. Defendant officers then subjected plaintiffs to an illegal and warrantless search.

21. Defendant officers' illegal and warrantless search of the plaintiffs did not yield any contraband.

22. Defendant officers did however seize and/or appropriate to themselves several of plaintiffs' properties including, but not limited to, a total amount of $606.00 which they seized from Mr. Davis, and a total amount of $260.00 which they seized from Mr. Burke, and have refused to return aforesaid properties to plaintiffs.

23. Defendants have continued to deny plaintiffs' requests to return or refund the aforesaid properties to the plaintiffs.

24. Eventually, defendant officers forcibly pushed plaintiffs into their police vehicle and transported plaintiffs to NYPD-103rd Precinct.

25. After detaining the plaintiffs for a lengthy period of time at the precinct, defendant officers caused legal process to be issued to the plaintiffs charging them with the aforesaid crimes and requiring the plaintiffs to appear in the criminal court to defend the false charges levied against them.

26. Plaintiffs appeared in the criminal court on multiple occasions to defend the false charges levied against them.

27. On September 21, 2015, the false charges levied against the plaintiffs were summarily dismissed.

28. Following the arrest, Mr. Burke was terminated from his job.

29. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

30. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

31. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

32. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, fabrication of evidence, denial of right to a fair trial, conspiracy, racial profiling,

4

discrimination, selective enforcement, unlawful taking of private property, denial of equal protection of the laws, denial of due process rights and malicious prosecution.

34. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

35. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

36. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

38. Additionally, defendant City of New York, acting through Richard A. Brown and the Office of the District Attorney of the Queens County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the release of seized properties, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury

5

and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

39. Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks, on the pretext that they were involved in some crime or offense.

40. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

41. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-103rd Precinct concerning similar arrests and charges as those described herein. *See*, *e.g.*, *Tyrone Jackson v. City of New York* (13 CV 3589); *Stephanie Fulmore v. City of New York* (09 CV 3119).

42. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

43. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

44. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

45. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

47. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

48. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

49. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

50. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, breach of special duty or relationship, loss of consortium, loss of wages, harassment, tortuous interference, abuse of power, fraud, replevin, conversion, trespass, negligent and intentional emotional distress, malicious prosecution and negligent hiring and retention of defendant officers.

52. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

   a. For compensatory damages against all defendants in an amount to be proven at trial;

   b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

   c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

   d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       January 25, 2016

UGO UZOH, P.C.

/s/

_____
By:    Ugochukwu Uzoh (UU-9076)
        Attorney for the Plaintiff
        304 Livingston Street, Suite 2R
        Brooklyn, N.Y. 11217
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com